UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARCIA DAVIS,**

    **Plaintiff,**

v.                                                                  Case No.  8:06-cv-1382-T-30EAJ

**LAKE WALES CHARTER SCHOOLS,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss, Motion to Strike or Motion for More Definite Statement and Supporting Memorandum of Law (Dkt. #4), and Plaintiff's Memorandum in Opposition to Motion to Dismiss or to Strike or for More Definite Statement (Dkt. #7).  The Court, having considered the motion, response, memoranda, and being otherwise advised in the premises, finds that Defendant's motion should be granted in part and denied in part.

Plaintiff, Marcia Davis ("Plaintiff"), brings a four count complaint against Defendant, Lake Wales Charter Schools ("Defendant" or "LWCS") alleging: Count I - First Amendment Retaliation Claim in violation of 42 U.S.C. §1983, Count II - Abridgment of Fourteenth Amendment Liberty in violation of 42 U.S.C. §1983, Count III - Breach of Contract, Count IV - Defamation.  Defendant seeks to dismiss all four counts pursuant to Rule 12 (b)(6) for failure to state a claim upon which relief may be granted.

**Motion to Dismiss Standard Under 12(b)(6).**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. Blumel v. Mylander, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

**I.     Count I - First Amendment Retaliation Claim in violation of 42 U.S.C. §1983.**

Plaintiff contends that Defendant terminated her in retaliation for exercising her First Amendment free speech rights in violation of 42 U.S.C. §1983. This statute offers relief to "whistle blowers" when public employers retaliate against them for exercising their free speech rights on matters of public concern. See Pickering v. Board of Education of Township High School District 205, Will County, 391 U.S. 563, 568 (1968); see also Gonzales v. Lee County Housing Authority, 161 F.3d 1290, 1296-97 (11th Cir. 1998).

To establish a valid First Amendment claim, the Eleventh Circuit has held that four elements must be met: (1) whether the employee's speech involves a matter of public concern; (2) whether the employee's interest in speaking outweighs the government's legitimate interests in efficient public service; (3) whether the speech played a substantial part in the government's challenged employment decision; (4) whether the government would have made the same employment decision in the absence of the protected conduct. Arenal v. Punta Gorda, 932 F.Supp. 1406, 1411 (M.D. Fla. 1996); Watkins v. Bowden, 105 F.3d 1344, 1352-53 (11th Cir. 1997). The first two issues are questions of law for the Court. Kurtz v. Vickrey, 855 F.2d 723, 732 (11th Cir. 1988).

In support of Plaintiff's First Amendment retaliation claim, Plaintiff simply pleads:

7.     On or about April 15, 2005, LWCS Board members stated publicly, or fairly implied, that Plaintiff was terminated for poor job performance, when in fact Plaintiff had performed all requisite job duties properly and effectively.

8.     The real reason for the summary termination of Plaintiff's employment was retaliation for Plaintiff's open support of an unsuccessful candidate for LWCS Superintendent, criticism of LWCS practices, and advocacy

> on behalf of LWCS employees and students, speech protected by the First Amendment to the United States Constitution.

In order to determine whether speech satisfies the "public concern" requirement, the court must analyze its "content, form, and context ... as revealed by the whole record," and evaluate whether plaintiff's purpose was to raise issues of public concern, or to further plaintiff's own private interests.  See Gonzales, 161 F.3d 1290, 1296-97.

### A. Whether Plaintiff's speech involves a matter of public concern.

While Plaintiff has not provided specific examples of her alleged protected speech, in general, it appears that the alleged issues surrounding the protected speech may raise issues of public concern.  If proven, statements addressing these issues would establish the first prong of a valid First Amendment claim.[1]

### B. Whether Plaintiff's interest in speaking outweighs LWCS's legitimate interests in efficient public service.

Once it has been established that the speech in question relates to matters of public concern, the court must conduct the balancing test prescribed in Pickering, 391 U.S. 563. The Pickering test requires a balancing of the employee's (and the public's) interest in free speech against the government's interest, "in promoting the efficiency of the public services it performs through its employees." Id. at 568.  In balancing these interests, courts consider: (1) whether the speech at issue impedes the government's ability to perform its duties

---

[1] Once the record has been more fully developed, the Court will consider this prong more closely.

efficiently, (2) the manner, time, and place of the speech, and (3) the context within which the speech was made.  Stanley v. City of Dalton, 219 F.3d 1280, 1289 (11th Cir. 2000) (quoting Bryson v. City of Waycross, 888 F.2d 1562, 1567 (11th Cir. 1989).

Plaintiff has not alleged that her interest in speaking outweighs LWCS's legitimate interests in efficient public service.  Further, since Plaintiff has not alleged specific examples of statements made by her, the manner, time, and place of such speech, or the context within which such speech was made, the Court concludes that Plaintiff has failed to plead allegations sufficient to allow the Court to determine whether Plaintiff's interest in speaking outweighs  LWCS's legitimate interests in efficient public service.  Accordingly, Plaintiff has failed to sufficiently plead allegations supporting the second prong required to establish a First Amendment claim.

**C.  Whether the speech played a substantial part in the government's challenged employment decision.**

Plaintiff has alleged that "[t]he real reason for the summary termination of Plaintiff's employment was retaliation for Plaintiff's open support of an unsuccessful candidate for LWCS Superintendent, criticism of LWCS practices, and advocacy on behalf of LWCS employees and students."  Based on these allegations, the Court concludes that Plaintiff has sufficiently pled the third prong supporting a First Amendment claim.

### D. Whether LWCS would have made the same employment decision in the absence of the protected conduct.

Plaintiff has alleged that the "LWCS Board members stated publicly, or fairly implied, that Plaintiff was terminated for poor job performance, when in fact Plaintiff had performed all requisite job duties properly and effectively." Such allegation implies that LWCS would not have made the same employment decision to terminate Plaintiff, if not for Plaintiff's alleged protected speech. Accordingly, the Court concludes that Plaintiff has sufficiently pled the fourth prong in support of a First Amendment claim.

In summary, Plaintiff has failed to sufficiently plead one out of the four required prongs necessary to establish a valid First Amendment claim. For this reason, the Court grants Defendant's motion to dismiss as to Count I without prejudice.

## II. Count II - Abridgment of Fourteenth Amendment Liberty in Violation of 42 U.S.C. §1983.

In Count II, Plaintiff asserts a claim for violation by Defendant of Plaintiff's right to procedural due process, alleging that LWCS implied, by virtue of a public statement in connection with the termination of her employment, that Plaintiff was not suitable for future employment in her trade or profession, thereby subjecting Plaintiff to stigma and loss of liberty interests protected by the Fourteenth Amendment. Defendant argues that Count II should be dismissed based on Plaintiff's failure to specifically allege what procedural protections she was deprived of in violation of the Fourteenth Amendment of the United States Constitution and what liberty interest was violated.

### A. Stigma-plus Test.

Conduct causing damage to an employee's reputation in connection with a termination of employment may give rise to an actionable procedural due process claim for deprivation of liberty, sometimes referred to as a "stigma-plus" suit. See Cotton v. Jackson, 216 F.3d 1328, 1330 (11th Cir. 2000); see also Sammons v. Cameron, Case No. 2:04-cv-161-FTM29DNF, 2005 WL 1027509, *4 (M.D. Fla. April 15, 2005). To establish such a procedural due process claim, plaintiff must prove that: "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) was made public (5) by the governmental employer (6) without a meaningful opportunity for an employee name clearing hearing." Cotton, 216 F.3d at 1330.

The Supreme Court has held that injury to reputation, by itself, does not constitute the deprivation of a liberty or property interest protected under the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 701-02 (1976). The Paul Court explained that in order to invoke the procedural protections of the Due Process Clause, a plaintiff would need to establish *more* than a mere defamation claim (emphasis added). Paul, 424 U.S. at 706; see also Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation.")

The Paul Court established what has come to be known as the "stigma-plus" test. Cannon v. City of West Palm Beach, 250 F.3d 1299, 1302 (11th Cir. 2001). Under the "stigma-plus" test, "a plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation 'plus' the violation of some more

tangible interest before the plaintiff is entitled to invoke the procedural protections of the Due Process Clause." Id. In considering what satisfies the "plus" prong of this analysis, the Paul Court looked to whether state action had significantly altered or extinguished "a right or status previously recognized by state law." Paul, 424 U.S. at 711.

The Eleventh Circuit has summarized what is required to satisfy the stigma-plus test. "To establish a liberty interest sufficient to implicate the fourteenth amendment safeguards, the individual must not only be stigmatized *but also* stigmatized in connection with a denial of a right or status previously recognized under state law." Smith v. Siegelman, 322 F.3d 1290, 1296 (11th Cir. 2003); see also Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1436-37 (11th Cir. 1998) ("This rule, labeled the "stigma-plus" standard, requires a plaintiff to show that the government official's conduct deprived the plaintiff of a previously recognized property or liberty interest in addition to damaging the plaintiff's reputation.")

In support of Count II, Plaintiff alleges that: on or about April 15, 2005, Plaintiff learned that her employment contract would be summarily terminated by LWCS, notwithstanding prior assurances by LWCS that such action would not occur; on the same day, LWCS Board members stated publicly, or fairly implied, that Plaintiff was terminated for poor job performance, when in fact Plaintiff had performed all requisite job duties properly and effectively; LWCS's implication in public statements that Plaintiff was not suitable for future employment in her trade or profession subjected Plaintiff to stigma and loss of liberty interests protected by the Fourteenth Amendment; and prior to accepting employment by LWCS, Plaintiff was assured by LWCS agents that she would maintain the

same employment "due process" rights accorded School Board employees in comparable positions.

Plaintiff has not identified what, if any, liberty interest she has lost. To the extent Plaintiff is attempting to assert a constitutionally protected liberty interest in her employment and that she was deprived of her liberty interest without due process, Plaintiff must establish that: (1) her freedom to take advantage of other employment opportunities was impaired; (2) her freedom to work was stigmatized as a result of the charge process; (3) the charges were made public; and (4) she was denied a meaningful hearing to clear her name.  See Blanton v. Griel Memorial Psychiatric Hospital, 758 F.2d 1540, 1544 (11th Cir. 1985).

Plaintiff has failed to plead that the statements made by LWCS seriously damaged her standing and association in the community or foreclosed her freedom to take advantage of other employment opportunities.[2]  Nevertheless, even if Plaintiff had alleged that LWCS's conduct foreclosed her from taking advantage of other employment opportunities, Plaintiff's failure to allege in the Complaint that she was not given the opportunity for an employee name clearing hearing prohibits this Court from entertaining this claim.[3]

---

[2] See, e.g. Brew v. School Board of Orange County, Florida, 626 F.Supp. 709 (M.D. Fla. 1985) (In order to establish that former teacher's aide had been stigmatized, she had to show that charges against her seriously damaged her standing and association in the community or foreclosed her freedom to take advantage of other employment opportunities, and that the charges were false.)

[3] Plaintiff argues in her memorandum in opposition to Defendant's motion to dismiss (Dkt. #7) that Plaintiff has "found nothing in Florida law that would give Plaintiff an adequate state-created procedure to pursue such a claim."

**B.     Lack of Subject Matter Jurisdiction.**

No procedural due process violation occurs if adequate state procedures exist to remedy the claimed violation. Sammons at *4. Procedural due process violations do not become complete "unless and until the state refuses to provide due process." McKinney v. Pate, 20 F.3d 1550, 1562 (11th Cir. 1994). If a state provides adequate state processes, a federal court lacks subject matter jurisdiction to entertain a procedural due process claim. Cotton, 216 F.3d at 1330-31; Boatman v. Town of Oakland, 76 F.3d 341 (11th Cir. 1996). The inquiry is whether adequate procedures were available to plaintiff to correct her right not to be deprived of her liberty interest in her reputation by state action without the opportunity for a name-clearing hearing. Cotton at 1331. If such state procedures existed, and plaintiff failed to take advantage of them, plaintiff cannot bring a due process claim in federal court. Id.

Florida circuit courts have routinely reviewed Florida school board decisions involving the termination of an employee. This review may be conducted by way of a complaint for certiorari review. See, e.g. Denson v. Sang, 491 So.2d 288 (Fla. 1st DCA 1986); Todd v. Carroll, 347 So.2d 618 (Fla. 4th DCA 1977); Alderman v. School Board of Lake County, 301 So.2d 42 (Fla. 1st DCA 1974); Pyle v. Washington County School Board, 238 So.2d 121 (Fla. 1st DCA 1970). Thus, a state court remedy was available to Plaintiff but she failed to pursue it.

Accordingly, this Court lacks subject matter jurisdiction to entertain Plaintiff's procedural due process claim. For this reason, the Court grants Defendant's motion to dismiss as to Count II.

### III.    Count III - Breach of Contract.

The necessary elements to recover for a breach of contract claim in Florida are: (1) the existence of a contract; (2) a breach thereof; and (3) damages flowing from the breach. Butterworth v. Quick & Reilly, Inc., 998 F.Supp. 1404 (M.D. Fla. 1998), citing Knowles v. C.I.T. Corp., 346 So.2d 1042 (Fla. 1st DCA 1977). However, the pleading must be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41 (1957).

Plaintiff has simply alleged that: Plaintiff had an employment contract with LWCS; LWCS breached such contract by summarily terminating Plaintiff; and Plaintiff incurred damages in the form of lost employment, salary, and benefits. Upon review of Plaintiff's allegations, the Court concludes that Plaintiff has not sufficiently pled the necessary elements required to bring a breach of contract claim. First, Plaintiff has failed to attach a copy of the contract. To the extent, the contract at issue was an oral contract, Plaintiff has failed to set forth the terms of such oral contract, i.e. length of contract, full-time or part-time employee status, salary or hourly pay, job description, benefits, renewal provisions, etc. Second, Plaintiff has failed to specifically describe the alleged breach, set forth the term of the contract that was breached, or explain how Defendant's decision to "summarily terminate" Plaintiff constitutes a breach of the alleged contract by and between Plaintiff and Defendant.

Accordingly, the Court grants Defendant's motion to dismiss as to Count III without prejudice.

**IV.    Count IV - Defamation.**

To state a cause of action for defamation in Florida, a plaintiff must allege: (1) the publication or utterance of false and defamatory statements of and concerning that private person, (2) without reasonable care as to the truth or falsity of those statements, (3) resulting in actual damage to him or her.  Perez v. City of Key West, Florida, 823 F.Supp. 934, 938 (M.D. Fla. 1993); Hay v. Independent Newspapers, Inc., 450 So.2d 293 (Fla. 2d DCA 1984). Although the complaint need only state such words and that they were used in a defamatory manner, the sufficiency of such a statement depends on whether the words were libelous *per se*.  See Perez at 938, citing Hammond v. Times Publishing Co., 162 So.2d 681 (Fla. 2d DCA 1964).  Such words are actionable *per se* if by general consent their character is injurious e.g., conduct, characteristics or condition incompatible with the proper exercise of one's lawful business, trade, profession or office. Id., citing Joopanenko v. Gavagan, 67 So.2d 434 (1953); see also Anthony Distributors, Inc. v. Miller Brewing Co., 941 F.Supp. 1567, 1578 (M.D. Fla. 1996) ("Under Florida law, words are defamatory when they charge a person with an infamous crime or tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession.")

Upon a review of Plaintiff's Complaint, the Court concludes as a matter of law that the alleged defamatory statement, if proven false, is actionable *per se*.  Plaintiff has alleged that LWCS board members stated publicly that "Plaintiff was terminated for poor job

performance", when in fact Plaintiff had performed all requisite job duties properly and effectively. If proven, such statement could be injurious to Plaintiff's trade or profession. Of course, this is a fact that must be proven. This issue is more appropriately addressed at the summary judgment stage. For this reason, the Court denies Defendant's motion to dismiss as to Count IV.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss, Motion to Strike or Motion for More Definite Statement and Supporting Memorandum of Law (Dkt. #4) is GRANTED IN PART AND DENIED IN PART as stated herein. Counts I and III are dismissed without prejudice. Count II is dismissed for lack of subject matter jurisdiction. Defendant's motion to dismiss is denied as to Count IV.

2. Plaintiff shall have thirty (30) days from the entry of this Order to amend Counts I and III of the Complaint.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-1382.mtd 4.wpd